United States District Court
District of Connecticut
FILED AT NEW HAVEN
August 27 2026
Dinah Milton Kinney, Clerk
By B. Fields
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel* GNGH2 INC., | : | |
| *Plaintiffs*, | : | No. 3:24-cv-01004 (VAB) |
| v. | : | |
| FABBRICA LLC, | : | |
| *Defendant*. | : | August 27, 2026 |

**APPLICATION ON CONSENT FOR ENTRY OF JUDGMENT**

Pursuant to Rules 54 and 58 of the Federal Rules of Civil Procedure, the United States of America with the consent of the Defendant, Fabbrica LLC, hereby respectfully applies for entry of judgment in favor of the United States in the amount of Two Million Five Hundred Eighty One Thousand Two Hundred Fifty Dollars ($2,581,250) plus interest, pursuant to the parties' Stipulated Judgment, attached hereto as Exhibit A, and the terms of the August 24, 2026, Settlement Agreement, attached to the Stipulated Judgment at Exhibit 1.

Respectfully submitted,

DAVID X. SULLIVAN
UNITED STATES ATTORNEY

BY: */s/ Sara G. Kaczmarek*
SARA G. KACZMAREK
Assistant United States Attorney
Federal Bar No. ct30726
157 Church Street
New Haven, Connecticut 06510
(203) 821-3700
Sara.Kaczmarek@usdoj.gov

## CERTIFICATION OF SERVICE

I certify that a true and correct copy of the foregoing was served by electronic mail, this 27th day of August, 2026, on:

DAVID ABRAMS
Email: dnabrams@gmail.com
*Counsel for Relator*

Pursuant to 31 U.S.C. § 3730(b)(2), no service was made upon the Defendant as this case is still under seal.

*/s/ Sara G. Kaczmarek*
Sara G. Kaczmarek (ct30726)
Assistant U.S. Attorney

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel* GNGH2 INC., | : | |
| *Plaintiffs*, | : | No. 3:24-cv-01004 (VAB) |
| v. | : | |
| FABBRICA LLC, | : | |
| *Defendant*. | : | August 27, 2026 |

**STIPULATED JUDGMENT**

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, that the parties have negotiated a settlement in the above-referenced matter, which settlement took effect on August 24, 2026 (the Settlement Agreement); and that

As part of that negotiated settlement, the defendant Fabbrica LLC, pursuant to Fed. R. Civ. P. 54 and 58, hereby consents to entry of judgment against it, and in favor of the plaintiff, the United States of America, in the amount of Two Million Five Hundred Eighty One Thousand Two Hundred Fifty Dollars ($2,581,250) plus interest, as set forth in the Settlement Agreement. A copy of that Settlement Agreement is attached as Exhibit 1 hereto, and is incorporated herein by reference.

The parties shall each bear their own costs, fees, and expenses.

Respectfully Submitted,

**ON BEHALF OF THE UNITED STATES**

DATED: 8/24/26

DAVID X. SULLIVAN
UNITED STATES ATTORNEY

BY: ______________________

SARA G. KACZMAREK
Assistant United States Attorney
Federal Bar No. ct30726
157 Church Street
New Haven, Connecticut 06510
(203) 821-3700
Sara.Kaczmarek@usdoj.gov

**ON BEHALF FABBRICA LLC**

DATED: 8/20/26 BY: ______________________

CLAUDIO DANIELE
CFO, Fabbrica LLC

DATED: 8/20/26 BY: ______________________

JAY K. MUSOFF
Loeb & Loeb LLP
Counsel for Fabbrica LLC

# Exhibit 1

SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the Small Business Administration ("SBA") (collectively the "United States"); Fabbrica LLC ("Fabbrica"); GNGH2, Inc. ("Relator GNGH2"); and Blockquote Inc. ("Relator Blockquote"); (hereafter collectively referred to as "the Parties"), through their authorized representatives.

RECITALS

A. Fabbrica is a company that produces building façade systems and has its principal place of business in Windsor, Connecticut. Fabbrica is an indirect subsidiary of a global construction company headquartered in Italy.

B. On June 7, 2024, as amended on February 8, 2025, Relator GNGH2 filed a *qui tam* action in the United States District Court for the District of Connecticut captioned *United States ex rel. GNGH2 Inc. v. Fabbrica LLC*, (3:24-cv-1004 (VAB)), pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "GNGH2 Civil Action"). Relator GNGH2 alleged that Fabbrica unlawfully applied for and received a loan under the Paycheck Protection Program ("PPP") and made false certifications in connection with the application for the loan.

C. On August 27, 2024, Relator Blockquote filed a *qui tam* action in the United States District Court for the District of Connecticut captioned *United States ex rel. Blockquote Inc. v. Fabbrica LLC,* (3:24-cv-1362 (KAD)), pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "Blockquote Civil Action"). Relator Blockquote alleged that Fabbrica unlawfully applied for and received a loan

under the Paycheck Protection Program ("PPP") and made false certifications in connection with the application for the loan.

D. The United States contends that it has certain civil claims against Fabbrica arising from its application for and receipt of a PPP loan, and the subsequent forgiveness of that loan. Specifically, the United States alleges the following:

a. In March 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, which was designed to provide emergency financial assistance to Americans suffering economic effects of the COVID-19 pandemic. The CARES ACT amended Section 7(a) of the Small Business Act, 15 U.S.C. § 631-657u, and authorized forgivable loans to eligible small businesses for job retention and other expenses through the PPP.

b. In December 2020, Congress enacted the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, P.L. 116-260 ("Economic Aid Act") as a continuation of the federal government's efforts to provide relief to individuals and businesses suffering economic and public health effects of the pandemic. The Economic Aid Act created a second-draw PPP loan that allowed eligible businesses to apply for a second PPP loan.

c. One of the eligibility requirements for receiving a second-draw PPP loan was that the entity could have no more than 300 employees, with certain limited exceptions. The second draw PPP loan application (form 2483-SD) required the applicant to certify, among other things, that it had fewer than 300 employees. The applicant was required to include in its employee count the employees of any foreign and domestic affiliate entities.

d. On March 31, 2021, Fabbrica applied for a second-draw PPP loan for $2,000,0000. When it applied for the second-draw loan, Fabbrica falsely certified that it had fewer than 300 employees. Fabbrica knew, or should have known, that Fabbrica was ineligible for the second-draw loan because Fabbrica and its affiliates collectively employed more than 300 employees.

e. Based on its application, Fabbrica received a second-draw PPP loan totaling $2,000,000 (SBA Loan No. 1101519110). In connection with that PPP loan, the SBA paid a $60,000 processing fee to the lender. Upon attesting to the accuracy of its underlying application and eligibility for the second-draw loan, Fabbrica received forgiveness of the loan on September 22, 2021, in the amount of $2,005,000, including $2,000,000 in principal and $5,000 in interest, which SBA paid to the lender. The SBA would not have approved forgiveness had Fabbrica not falsely certified its employee count.

The conduct described in this Paragraph D a.-e., above, is referred to below as the "Covered Conduct."

E. Fabbrica denies the United States' allegations in Paragraph D and the Relators' allegations in the Civil Actions.

F. This Settlement Agreement is neither an admission of liability by Fabbrica nor a concession by the United States that its claims are not well founded.

G. Relators GNGH2 and Blockquote claim entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Settlement Agreement and to their reasonable expenses, attorneys' fees and costs.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

TERMS AND CONDITIONS

1. Fabbrica shall pay to the United States Two Million Five Hundred Eighty One Thousand Two Hundred Fifty Dollars ($2,581,250) (Settlement Amount), of which $2,065,000 is restitution, by electronic funds transfer pursuant to written instructions to be provided by the Office of the United States Attorney for the District of Connecticut, and shall be satisfied as follows:

a. Fabbrica agrees to make an initial payment of $1,290,625 to the United States no later than five (5) business days after the Effective Date of this Agreement.

b. The remaining $1,290,625, plus interest, will be paid by Fabbrica over a period of nine months pursuant to the payment schedule attached at Exhibit A.

c. The payment of the Settlement Amount shall be secured by a Stipulated Judgment, in the form attached hereto as Exhibit B, that Fabbrica agrees to execute contemporaneously with this Agreement. On or after the Effective Date of the Agreement, the United States will file in the GNGH2 Civil Action a motion, on consent, for entry of a judgment in favor of the United States and against Fabbrica, as set forth in the Stipulated Judgment, and the United States will file the Stipulated Judgment with the Court.

d. If Fabbrica is sold, merged, or transferred, or a significant portion of the assets of Fabbrica or of any of its affiliates is sold, merged, or transferred into another non-affiliated entity, Fabbrica shall promptly notify the United States, and all remaining

payments owed pursuant to the Settlement Agreement shall be accelerated and become immediately due and payable.

f. The entire balance of the Settlement Agreement, or any portion thereof, plus any interest on the principal as of the date of any prepayment, may be prepaid without penalty.

2. Conditioned upon the United States receiving the Settlement Amount payments, the United States agrees that it shall pay to Relator GNGH2 by electronic funds transfer ten percent of each such payment received under the Settlement Agreement (Relator's Share) as soon as feasible after receipt of the payment. No relator share will be paid to Relator Blockquote by the United States.

3. Fabbrica shall pay $2,205 to David Abrams, counsel for Relator GNGH2 Inc., pursuant to 31 U.S.C. § 3730(d) in full and complete satisfaction of any claim Relator GNGH2 has or could have asserted for attorney's fees, costs, or expenses arising out of, relating to, or in connection with the GNGH2 Civil Action. As a condition precedent to this payment, Relator GNGH2's counsel shall provide written instructions for this payment to Fabbrica on or before the Effective Date of this Agreement. Fabbrica shall make this payment pursuant to the written instructions provided by Relator GNGH2's counsel no later than thirty (30) business days after the Effective Date of this Agreement.

4. Fabbrica shall pay $17,000 to Jason Marcus, counsel for Relator Blockquote, pursuant to 31 U.S.C. § 3730(d) in full and complete satisfaction of any claim Relator Blockquote has or could have asserted for attorney's fees, costs, or expenses arising out of, relating to, or in connection with the Blockquote Civil Action. As

a condition precedent to this payment, Relator Blockquote's counsel shall provide written instructions for this payment to Fabbrica on or before the Effective Date of this Agreement. Fabbrica shall make this payment pursuant to the written instructions provided by Relator Blockquote's counsel no later than thirty (30) business days after the Effective Date of this Agreement.

5. Subject to the exceptions in Paragraph 8 (concerning reserved claims) below and subject to Paragraph 17 (concerning default), and Paragraph 18 (concerning bankruptcy) below, and upon the United States' receipt of the Settlement Amount, the United States releases Fabbrica from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812, as amended; or the common law theories of breach of contract, payment by mistake, unjust enrichment, and fraud.

6. Subject to the exceptions in Paragraph 8 (concerning reserved claims) below and subject to Paragraph 17 (concerning default), and Paragraph 18 (concerning bankruptcy) below, and upon the United States' receipt of the Settlement Amount, Relator GNGH2, for itself and for its heirs, successors, attorneys, agents, and assigns, releases Fabbrica from any civil monetary claim the Relator GNGH2 has on behalf of the United States for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733.

7. Subject to the exceptions in Paragraph 8 (concerning reserved claims) below and subject to Paragraph 17 (concerning default), and Paragraph 18 (concerning bankruptcy) below, and upon the United States' receipt of the Settlement Amount,

Relator Blockquote, for itself and for its heirs, successors, attorneys, agents, and assigns, releases Fabbrica from any civil monetary claim the Relator Blockquote has on behalf of the United States for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733.

8. Notwithstanding the releases given in Paragraphs 5, 6, and 7 of this Agreement, or any other term of this Agreement, the following claims and rights of the United States are specifically reserved and are not released:

a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

b. Any criminal liability;

c. Except as explicitly stated in this Agreement, any administrative liability or enforcement right, or any administrative remedy, including the suspension and debarment rights of any federal agency;

d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

e. Any liability based upon obligations created by this Agreement; and

f. Any liability of individuals.

9. Relator GHGH2 and its heirs, successors, attorneys, agents, and assigns shall not object to this Agreement but agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). Conditioned upon Relator GNGH2's receipt of the Relator's Share,

Relator GNGH2 and his/her heirs, successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge the United States, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the GNGH2 Civil Action or under 31 U.S.C. § 3730 relating to the GNGH2 Civil Action, and from any claims to a share of the proceeds of this Agreement and/or the GNGH2 Civil Action.

10. Relator Blockquote and its heirs, successors, attorneys, agents, and assigns shall not object to this Agreement but agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). In connection with this Agreement and the Blockquote Civil Action, Relator Blockquote and its heirs, successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge the United States, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Blockquote Civil Action or under 31 U.S.C. § 3730 relating to the Blockquote Civil Action, and from any claims to a share of the proceeds of this Agreement and/or the Blockquote Civil Action.

11. Relator GNGH2, for itself, and for its heirs, successors, attorneys, agents, and assigns, releases Fabbrica, and its officers, agents, attorneys, and employees, from any liability to Relator GNGH2 arising from the filing of the GNGH2 Civil Action, or under 31 U.S.C. § 3730(d) for expenses or attorneys' fees and costs.

12. Relator Blockquote, for itself, and for its heirs, successors, attorneys, agents, and assigns, releases Fabbrica, and its officers, agents, attorneys, and employees, from any liability to Relator Blockquote arising from the filing of the Blockquote Civil Action, or under 31 U.S.C. § 3730(d) for expenses or attorneys' fees and costs.

13. Fabbrica waives and shall not assert any defenses Fabbrica may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action.

14. Fabbrica fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Fabbrica has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct or the United States' investigation or prosecution thereof.

15. Fabbrica fully and finally releases the Relators from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Fabbrica has asserted, could have asserted, or may assert in the future against the Relators, related to the Covered Conduct and the Relators' investigation and prosecution thereof.

16. Fabbrica agrees to the following, if applicable:

a. Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of Fabbrica, and its present or former officers, directors, employees, shareholders, and agents in connection with:

(1) the matters covered by this Agreement;

(2) the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

(3) Fabbrica's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Agreement (including attorneys' fees);

(4) the negotiation and performance of this Agreement;

(5) the payment Fabbrica makes to the United States pursuant to this Agreement and any payments that Fabbrica may make to Relator GNGH2 or Relator Blockquote, including costs and attorneys' fees,

are unallowable costs for government contracting purposes (hereinafter referred to as "Unallowable Costs").

b. Future Treatment of Unallowable Costs: Unallowable Costs will be separately determined and accounted for by Fabbrica, and Fabbrica shall not charge such Unallowable Costs directly or indirectly to any contract with the United States.

c. Treatment of Unallowable Costs Previously Submitted for Payment: Within 90 days of the Effective Date of this Agreement, Fabbrica shall identify and repay by adjustment to future claims for payment or otherwise any Unallowable Costs included in payments previously sought by Fabbrica or any of its subsidiaries or affiliates from the United States. Fabbrica agrees that the United States, at a minimum, shall be entitled to recoup from Fabbrica any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted

requests for payment. The United States, including the Department of Justice and/or the affected agencies, reserves its rights to audit, examine, or re-examine Fabbrica's books and records and to disagree with any calculations submitted by Fabbrica or any of its subsidiaries or affiliates regarding any Unallowable Costs included in payments previously sought by Fabbrica, or the effect of any such Unallowable Costs on the amount of such payments.

17. In the event that Fabbrica fails to pay the Settlement Amount as provided in the payment schedule set forth in Paragraph 1 above and the attached payment schedule, Fabbrica shall be in Default of Fabbrica's payment obligations ("Default").

a. The United States will provide a written Notice of Default, and Fabbrica shall have an opportunity to cure such Default within seven (7) calendar days from the date of receipt of the Notice of Default by making the payment due under the payment schedule and paying any additional interest accruing under the Settlement Agreement up to the date of payment. Notice of Default will be delivered to Jay K. Musoff, Esq., Loeb & Loeb LLP, 345 Park Avenue, New York, New York, 10154, and to Fabbrica at 1 Market Circle, Windsor, Connecticut, 06095, or to such other representative as Fabbrica shall designate in advance in writing. If Fabbrica fails to cure the Default within seven (7) calendar days of receiving the Notice of Default and in the absence of an agreement with the United States to a modified payment schedule ("Uncured Default"), the remaining unpaid balance of the Settlement Amount shall become immediately due and payable, and interest on the remaining unpaid balance shall thereafter accrue at the rate of 12% per annum, compounded daily from the date of Default, on the remaining unpaid total (principal and interest balance).

b. In the event of Uncured Default, Fabbrica agrees that the United States, at its sole discretion, may (i) take any action to execute and collect on the Stipulated Judgment against Fabbrica; (ii) retain any payments previously made, rescind this Agreement and pursue the Civil Action or bring any civil and/or administrative claim, action, or proceeding against Fabbrica for the claims that would otherwise be covered by the releases provided in Paragraphs 5, 6, and 7 above with any recovery reduced by the amount of any payments previously made by Fabbrica to the United States under this Agreement; (iii) take any action to enforce this Agreement in a new action or by reinstating the Civil Actions; (iv) offset the remaining unpaid balance from any amounts due and owing to Fabbrica and/or affiliated companies by any department, agency, or agent of the United States at the time of Default or subsequently; and/or (v) exercise any other right granted by law, or under the terms of this Agreement, or recognizable at common law or in equity. The United States shall be entitled to any other rights granted by law or in equity by reason of Default, including referral of this matter for private collection. In the event the United States pursues a collection action, Fabbrica agrees immediately to pay the United States the greater of (i) a ten-percent (10%) surcharge of the amount collected, as allowed by 28 U.S.C. § 3011(a), or (ii) the United States' reasonable attorneys' fees and expenses incurred in such an action. In the event that the United States opts to rescind this Agreement pursuant to this paragraph, Fabbrica waives and agrees not to plead, argue, or otherwise raise any defenses of statute of limitations, laches, estoppel or similar theories, to any civil or administrative claims that are (i) filed by the United States against Fabbrica within 120 days of written notification that this Agreement has been rescinded, and (ii) relate to the Covered Conduct, except to the

extent these defenses were available on June 7, 2024. Fabbrica agrees not to contest any offset, recoupment, and /or collection action undertaken by the United States pursuant to this paragraph, either administratively or in any state or federal court, except on the grounds of actual payment to the United States.

18. In exchange for valuable consideration provided in this Agreement, Fabbrica and Relators GNGH2 and Blockquote acknowledge the following:

a. Fabbrica has reviewed its financial situation and warrants that it is solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I) and shall remain solvent following payment to the United States of the Settlement Amount.

b. In evaluating whether to execute this Agreement, the Parties intend that the mutual promises, covenants, and obligations set forth herein constitute a contemporaneous exchange for new value given to Fabbrica, within the meaning of 11 U.S.C. § 547(c)(1), and the Parties conclude that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange.

c. The mutual promises, covenants, and obligations set forth herein are intended by the Parties to, and do in fact, constitute a reasonably equivalent exchange of value.

d. The Parties do not intend to hinder, delay, or defraud any entity to which Fabbrica was or became indebted to on or after the date of any transfer contemplated in this Agreement, within the meaning of 11 U.S.C. § 548(a)(1).

e. If any of Fabbrica's payments or obligations under this Agreement are avoided for any reason (including but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code) or if, before the Settlement Amount is

paid in full, Fabbrica or a third party commences a case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors seeking any order for relief of Fabbrica's debts, or to adjudicate Fabbrica as bankrupt or insolvent; or seeking appointment of a receiver, trustee, custodian, or other similar official for Fabbrica or for all or any substantial part of Fabbrica's assets:

(i) the United States may rescind the releases in this Agreement and bring any civil and/or administrative claim, action, or proceeding against Fabbrica the claims that would otherwise be covered by the releases provided in Paragraphs 5, 6, and 7 above;

(ii) the United States has an undisputed, noncontingent, and liquidated allowed claim against Fabbrica in the amount of $6,252,238 less any payments received pursuant to Paragraph 1 of this Agreement, provided, however, that such payments are not otherwise avoided and recovered from the United States by a receiver, trustee, creditor, custodian, or similar official;

(iii) if any payments are avoided and recovered by a receiver, trustee, creditor, custodian, or similar official, the United States shall not be responsible for the return of any amounts already paid by the United States to the Relators; and

(iv) if, notwithstanding subparagraph (iii), any amounts already paid by the United States to Relator GNGH2 pursuant to Paragraph 2 are recovered from the United States in an action or proceeding filed by a receiver, trustee, creditor, custodian, or similar official in or in connection with a bankruptcy case that is filed within two years of the Effective Date of this Agreement or of any payment made under Paragraph 1 of this Agreement, Relator GNGH2 shall, within thirty days of written notice from the

United States to the undersigned Relator's counsel, return to the United States all amounts recovered from the United States.

f. Fabbrica agrees that any civil and/or administrative claim, action, or proceeding brought by the United States under Paragraph 18.e is not subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) because it would be an exercise of the United States' police and regulatory power. Fabbrica shall not argue or otherwise contend that the United States' claim, action, or proceeding is subject to an automatic stay and, to the extent necessary, consents to relief from the automatic stay for cause under 11 U.S.C. § 362(d)(1). Fabbrica waives and shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any such civil or administrative claim, action, or proceeding brought by the United States within 120 days of written notification to Fabbrica that the releases have been rescinded pursuant to this paragraph, except to the extent such defenses were available on June 7, 2024.

19. This Agreement is intended to be for the benefit of the Parties only.

20. Upon receipt of the initial payment described in Paragraph 1.a., above, and after filing the Stipulated Judgment described in Paragraph 1.d., above, the United States and Relator GNGH2 shall promptly sign and file in the GNGH2 Civil Action a Joint Stipulation of Dismissal of the GNGH2 Civil Action pursuant to Rule 41(a)(1). The Joint Stipulation of Dismissal shall provide for dismissal with prejudice as to all of Relator GNGH2's claims in the GNGH2 Civil Action, and for dismissal with prejudice as to the United States' claims against Fabbrica for the Covered Conduct.

21. Upon receipt of the initial payment described in Paragraph 1.a., above, the United States and Relator Blockquote shall promptly sign and file in the Blockquote Civil Action a Joint Stipulation of Dismissal of the Blockquote Civil Action pursuant to Rule 41(a)(1). The Joint Stipulation of Dismissal shall provide for dismissal with prejudice as to all of Relator Blockquote's claims in the Blockquote Civil Action, and for dismissal with prejudice as to the United States' claims against Fabbrica for the Covered Conduct.

22. Except as provided in Paragraphs 3 and 4, above, each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

23. Each Party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion.

24. This Agreement is governed by the laws of the United States. The exclusive venue for any dispute relating to this Agreement is the United States District Court for the District of Connecticut. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

25. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties. Forbearance by the United States from pursuing any remedy or relief available to it under this Agreement shall not constitute a waiver of rights under this Agreement.

26. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

27. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

28. This Agreement is binding on Fabbrica's successors, transferees, heirs, and assigns.

29. This Agreement is binding on Relator GNGH2's successors, transferees, heirs, and assigns.

30. This Agreement is binding on Relator Blockquote's successors, transferees, heirs, and assigns.

31. All Parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

32. This Agreement is effective on the date of signature of the last signatory to the Agreement ("Effective Date of this Agreement"). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

THE UNITED STATES OF AMERICA

DATED: 8-24-2026 BY: Michelle L. McConaghy
MICHELLE L. MCCONAGHY
Assistant United States Attorney
Chief, Civil Division
District of Connecticut

DATED: 8-24-26 BY: Sara G. Kaczmarek
SARA G. KACZMAREK
Assistant United States Attorney
District of Connecticut

FABBRICA LLC

DATED: 8/20/26 BY: ______________________
CLAUDIO DANIELE
CFO, Fabbrica LLC

DATED: 8/20/26 BY: ______________________
JAY K. MUSOFF
Loeb & Loeb LLP
Counsel for Fabbrica LLC

RELATOR GNGH2 INC.

DATED: 7/29/26 BY: [signature]
DAVID ABRAMS
Principal
GNGH2 Inc.

DATED: 7/29/26 BY: [signature]
DAVID ABRAMS
Counsel to Relator GNGH2 Inc.

RELATOR BLOCKQUOTE, INC.

DATED: Jul 29, 2026 BY: ______________________
LEE FANG
President
Blockquote, Inc.

DATED: Jul 29, 2026 BY: *Jason Marcus*
JASON MARCUS
Counsel to Relator Blockquote, Inc.

# EXHIBIT A

## Payment Schedule

**FABBRICA PAYMENT SCHEDULE**

| Payment Number | Payment Date | Interest | Principal | Payment Amount |
|---|---|---|---|---|
| **Down Payment** | **Within 5 Business Days of Settlement** | $0 | $1,290,625 | **$1,290,625** |
| **1** | **September 15, 2026** | $14,574 | $425,387 | **$439,960** |
| **2** | **January 15, 2027** | $9,771 | $430,190 | **$439,960** |
| **3** | **May 15, 2027** | $4,913 | $435,048 | **$439,960** |

# EXHIBIT B
# Stipulated Judgment

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel* GNGH2 INC., | : | |
| *Plaintiffs*, | : | No. 3:24-cv-01004 (VAB) |
| v. | : | |
| FABBRICA LLC, | : | __________, 2026 |
| *Defendant*. | : | |

**STIPULATED JUDGMENT**

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, that the parties have negotiated a settlement in the above-referenced matter, which settlement took effect on August 24, 2026 (the Settlement Agreement); and that

As part of that negotiated settlement, the defendant Fabbrica LLC, pursuant to Fed. R. Civ. P. 54 and 58, hereby consents to entry of judgment against it, and in favor of the plaintiff, the United States of America, in the amount of Two Million Five Hundred Eighty One Thousand Two Hundred Fifty Dollars ($2,581,250) plus interest, as set forth in the Settlement Agreement. A copy of that Settlement Agreement is attached as Exhibit 1 hereto, and is incorporated herein by reference.

The parties shall each bear their own costs, fees, and expenses.

Respectfully Submitted,

**ON BEHALF OF THE UNITED STATES**

DATED: 8/24/26

DAVID X. SULLIVAN
UNITED STATES ATTORNEY

BY: ______________________

SARA G. KACZMAREK
Assistant United States Attorney
Federal Bar No. ct30726
157 Church Street
New Haven, Connecticut 06510
(203) 821-3700
Sara.Kaczmarek@usdoj.gov

**ON BEHALF FABBRICA LLC**

DATED: 8/20/26 BY: ______________________

CLAUDIO DANIELE
CFO, Fabbrica LLC

DATED: 8/20/26 BY: ______________________

JAY K. MUSOFF
Loeb & Loeb LLP
Counsel for Fabbrica LLC